**Slip Op. 01-27**

## UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Judge Judith M. Barzilay**

---

|  |  |  |
|---|---|---|
|  | : |  |
| FORMER EMPLOYEES OF ALCATEL TELECOMMUNICATIONS CABLE, | : |  |
| Plaintiffs, | : | Court No. 98-03-00540 **Public Version** |
| v. | : |  |
| HERMAN, SECRETARY OF LABOR | : |  |
| Defendant. | : |  |

---

[Department of Labor's Notice of Negative Determination on Remand sustained; Plaintiffs' Motion for Judgment on the Agency Record denied.]

Decided: March 8, 2001

*Wiley, Rein & Fielding*, *(Eileen P. Bradner,) Timothy C. Brightbill* for Plaintiffs.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen*, Director; *(Henry R. Felix),* Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, for Defendant.

## MEMORANDUM OPINION AND ORDER

**BARZILAY, JUDGE:**

## I.    Introduction

Plaintiffs in this case are former employees contesting the Department of Labor's ("Labor" or "Department") denial of their petition for Trade Adjustment Assistance ("TAA") under section 221(a) of the Trade Act of 1974, as amended by the Omnibus Trade and Competitiveness Act of 1988 (P.L. 100-418), codified at 19 U.S.C. § 2271, *et. seq*. (1994).  The court held in *Former Employees of*

*Alcatel Telecommunications Cable v. Secretary of Labor*, No. 98-03-00520, 2000 WL 1118208 (CIT 2000) ("opinion") that the Secretary's negative determination regarding plaintiffs' petition was unsupported by substantial evidence and arbitrary and capricious. The court remanded this case to the Department for further findings as to whether Alcatel's increased imports of like or directly competitive products contributed importantly to the separation of the employees. Familiarity with that opinion is presumed.

Currently before the court is *Alcatel Telecommunications Cable Roanoke, Virginia; Notice of Negative Determination on Remand*, 65 Fed. Reg. 57385 (Sept. 22, 2000) ("Remand Determination"). In its Remand Determination, Labor asserts that it undertook a full and complete investigation into the eligibility of former workers at Alcatel, and found that increased imports of singlemode optic fiber did not contribute importantly to the worker separations. For the reasons set forth, the court sustains Labor's remand determination.

## II.    Standard of Review

The court discussed the standard of review in this case in its original opinion. *See Alcatel*, 2000 WL 1118208, at *3-4. In usual circumstances, a case contesting the denial of trade adjustment assistance is filed under 28 U.S.C. § 1581(d) (1994) and the court must uphold a determination by Labor if it is supported by substantial evidence and in accordance with law. However, this case was accepted by the court as filed under 28 U.S.C. § 1581(i) (1994) which provides no specific standard of review. Therefore, as directed by 28 U.S.C. § 2640 (e) (1994), the court reviews the matter as

prescribed under 5 U.S.C. § 706 (1994).[1] In reviewing an agency action under this statute, the court

must hold unlawful and set aside agency action, findings, and conclusions that are "arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law. . . ." 5 U.S.C. § 706(2)(A). Under

the arbitrary and capricious standard, the court will remand Labor's negative determination only if

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto Ins*., 463 U.S. 29, 43 (1983).

## III. Discussion

Section 221 (a) of the Trade Act of 1974 provides:

(e) The Secretary shall certify a group of workers. . . as eligible to apply for adjustment assistance under this subpart if [s]he determines - -
   (1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,
   (2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and
   (3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.
(b) For purposes of subsection (a)(3) of this section - -
   (1) the term "contributed importantly" means a cause which is important but not necessarily more important than any other cause.

19 U.S.C. § 2272. In its prior opinion, the court found that the Department had entirely failed to

---

[1]Subsection (e) of 28 U.S.C. § 2640, the statute enabling the jurisdiction of the Court of International Trade, provides "[i]n any civil action not specified in this section, the Court of International Trade shall review the matter as provided in section 706 of title 5."

consider whether former Alcatel employees met the third criterion for TAA. *See Alcatel*, 2000 WL 1118208, at *9. The court therefore held that Labor's denial of the petition was arbitrary and capricious and unsupported by substantial evidence and remanded the case for a thorough investigation into whether imports of like or directly competitive products contributed importantly to the Alcatel employees' job losses. *See id.* at *10. The court stated that it would not require "that Labor consider specific documentation, public news reports, or other material upon remand. However, . . . Labor must provide evidence and explanation that it has made a reasonable and adequate inquiry into whether increased imports of like or directly competitive products contributed importantly to the separation of the employees." *Id.* Labor has complied with the court's directive.

In its Remand Determination, Labor states that a full and complete investigation "revealed that increased imports of singlemode optical fiber did not contribute importantly to the worker separations." 65 Fed. Reg. 57385. In support of its determination, Labor explains that information provided by the company revealed that imports of singlemode optical fiber in 1998 were less than 2% of the 1997 production levels at the Roanoke facility and that a survey demonstrated that Alcatel customers purchasing singlemode optical fiber for the domestic market did not increase their reliance on purchases of imports. *See id.*

In their *Comments on Defendant's Determination on Remand* ("*Pls.' Comments*"), Plaintiffs assert that Labor has "again conducted an unreasonable and inadequate investigation." *Id.* at 3. According to Plaintiffs, the investigative record demonstrates that Labor did not confer with former employees or examine publicly-available news reports conceding that production was being transferred

overseas. *See id.* at 4.  Moreover, Labor requested information for the period after the Roanoke facility had closed instead of the two years before closure and failed to pursue relevant information in support of Plaintiffs' claims. *See id.* at 2.  Finally, Labor failed to investigate record evidence supporting the claim that Alcatel began outsourcing its production to overseas affiliates instead of shifting production among domestic facilities. *See id.* at 6.   Namely, the Department did not consider (1) responses to Labor's data request acknowledging that layoffs were caused by the transfer of production to other facilities, including [                                        ], and (2) a memo attached to Alcatel's data request response, showing that the [

                                                                  ] *See id.* at 4.  The court holds that the Department's investigation, while minimal, was adequate to support its determination that petitioners in this case have not met the third requirement for TAA.

First, the court does not accept Plaintiff's assertion that Defendant's investigation is inadequate because it did not include a field investigation, conference with former Alcatel employees regarding their claims, or examination of publicly-available news reports "in which an Alcatel spokesperson conceded that production at the Roanoke facility was being transferred overseas, a relevant fact in determining whether the laid-off workers meet the third criterion required for trade adjustment assistance." *Id.* at 4. As Defendant notes, the nature and extent of an investigation are matters within the sound discretion of administrative officials, and the court gives substantial deference to methods chosen by the agency to fulfill its responsibility. *See Former Employees of Digital Equip. Corp. v. U.S. Secretary of Labor,* 20 CIT 1018, 1024, 937 F. Supp. 917, 922 (1996) (citations omitted).  Accordingly, the court stated

in its prior opinion that it would not require that Labor consider any specific documents, reports, or other materials.  *See Alcatel*, 2000 WL 1118208, at *10.  Thus, Plaintiffs cannot prevail by asserting that the Department's failure to consider various specific factors in its determination makes that determination fatally flawed.  So long as Labor provided evidence and explanation that it made a reasonable and adequate inquiry, as it was required to do on remand, the court will uphold the determination.  *See id.*

Second, Defendant demonstrated that a connection exists between the facts found and the choice made.  *See Motor Vehicle Mfrs. Ass'n,* 463 U.S. at 43 (citations omitted).  Specifically, Defendant describes the report of an Alcatel company official that layoffs were due in part to the

[                                                                                                        ] *See Def.'s Rebuttal Comments to Comments on Remand Results* ("*Def.'s Comments*") at 4-5.  Although the official reported that Roanoke's [

] there is no evidence that the shift caused any increased import penetration, which in turn contributed importantly to the Roanoke worker separations.  *See id.* at 3, 5. Additionally, Defendant states that no evidence exists indicating that Alcatel's major customers substituted imports for Roanoke purchases during the relevant time period.  *See id.*  "In sum, there is no evidence that import penetration contributed importantly to the workers' separation." *Id.*

Responding to Alcatel's complaints, Defendant claims that Labor properly relied upon the information submitted by Alcatel's company official and major customers, and that Plaintiffs have not pointed to specific evidence establishing that the record was so marred that the agency's findings were

arbitrary or of such a nature that they could not be based on substantial evidence. *Id.* at 6. Indeed, "[u]nverified statements from company officials in a position to know about their company's products and business decisions can be relied upon when there is no other evidence in the record to contradict or cast doubt upon those statements." *Int'l Union v. Reich*, 22 CIT ___, ___, 20 F. Supp. 2d 1288,1297, n. 15 (1998)(citations omitted). Defendant's investigation revealed no evidence of a causal nexus between import penetration and the workers' separations--a necessary connection for former employees to meet the third criterion for TAA eligibility. *See Def.'s Comments* at 4-5.

Finally, Plaintiffs' assertion that the Department's negative determination is flawed because Labor did not investigate the claim that Alcatel began outsourcing its optical fiber production to overseas affiliates is incorrect. *Pls.' Comments* at 6. Plaintiffs stress their argument that the TAA statute

> clearly allows for certification if a petitioner's claim that outsourcing has contributed importantly to a decline in production and subsequent job elimination, is supported by substantial evidence. Where this is the case, there is no requirement that import substitution also has caused a decline in company sales.

*Former Employees of Swiss Indus. Abrasives v. United States*, 17 CIT 945, 948, 830 F. Supp. 637, 640 (1993). Defendant correctly counters that it is the NAFTA-TAA statute, rather than the statute at issue in this case, which allows for TAA where there is "a shift in production . . . to Mexico or Canada of articles like or directly competitive with articles which are produced by the firm or subdivision." 19 U.S.C. §2331(a)(1)(B) (1994). *See Def.'s Comments* at 7, n. 3. Defendant properly notes, "[t]his provision is inapplicable here as Alcatel did not operate singlemode optic fiber manufacturing facilities in Mexico or Canada, nor have plaintiffs' (*sic*) asserted such a claim." *Id.*

Moreover, Defendant claims, Plaintiffs' reliance on *Former Employees of Swiss Indus. Abrasives* and *Local 116 v. Secretary of Labor,* 16 CIT 490, 493, 793 F. Supp. 1094, 1097 (1992)  is misplaced. These cases concerned whether the outsourcing of production resulted in increased import penetration which in turn contributed importantly to worker separations; the holdings of these opinions do not stand for the proposition that a shift in production by itself warrants a finding that increased imports contributed importantly to employees' separations, and that therefore the affected workers are entitled to TAA.[2]  A newspaper article cited by Alcatel as evidencing the company's plan to transfer some of Roanoke's production overseas does not contradict the data gathered by Labor on remand and does not indicate that Alcatel decided to transfer the production for purposes of importing singlemode optic fiber from these foreign facilities.  *See Def.'s Comments* at 7.  Plaintiffs have therefore failed to refute Defendant's negative determination.

**IV.    Conclusion**

The court sustains Labor's determination on remand not to certify Plaintiffs as eligible to apply for trade adjustment assistance because its determination that increased imports of singlemode optic fiber did not contribute importantly to the worker separations was not arbitrary and capricious.

---

[2]In *Former Employees of Swiss Indus. Abrasives*, this court held that Labor failed to conduct a proper investigation of petitioners' allegations in order to determine which imported products caused the worker separations.  17 CIT at 949, 830 F. Supp. at 641.  In *Local 116*, the court determined that Labor should have investigated allegations of outsourcing production work to foreign firms, in order to determine the impact of imports on the company's sales and production figures.  16 CIT at 493-94, 793 F. Supp. at 1097.

V. **Judgment**

This action has been duly submitted for decision, and the court, after due deliberation, has rendered a decision herein; now, in conformity with that decision, it is hereby

ORDERED that the Department of Labor's negative determination on remand is sustained; and it is further

ORDERED that Plaintiffs' motion for judgment on the agency record is denied; and it is further

ORDERED that the case is dismissed.

Dated: _____ _____
      New York, NY Judith M. Barzilay
                                                 Judge